## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**BENJAMIN A. LAWLOR,**<br><br>                    **Debtor.** | Chapter 11<br>Case No. 26-20034 |

### LIMITED OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
### TO PERMIT DIVORCE ACTION TO PROCEED

NOW COMES Benjamin A. Lawlor (the "Debtor"), by and through his proposed counsel, and submits this limited objection to the *Motion for Relief from Automatic Stay to Permit Divorce Action to Proceed* (the "Motion") [D.E. # 39] filed by Angela Lawlor ("Angela").[1]

The Motion seeks relief from the automatic stay to "[p]ermit the Maine District Court to adjudicate all pending motions on an interim basis, as well as the dissolution of marriage, parental rights and responsibilities, support, and equitable division of marital property." Motion, ¶ 5.C. The Debtor has no objection to allowing the state court to rule on these issues in the first instance (subject to a logistical caveat set forth below).

11 U.S.C. § 362(b)(2)(A) expressly excepts proceedings related marital dissolution, parental rights and support to those issues from the automatic stay. However, § 362(b)(2)(A)(iv) states that "to the extent that [a] proceeding seeks to determine the division of property that is property of the estate, " that proceeding remains stayed unless and until the Court grants relief for cause under § 362(d)(1). *See e.g., In re Secrest,* 453 B.R. 623, 627 (Bankr. E.D. Va. 2011) ("[R]elief from the automatic stay for equitable distribution proceedings concerning property of the estate is governed by § 362(d). The applicable provision here is § 362(d)(1), that is, for cause."); *In re Golan,* 600 B.R. 697, 708 (Bankr. S.D. Fla. 2019) ("The exception from the automatic stay

---

[1]    The Debtor takes no position on Angela's request for expedited relief.

for dissolution proceedings extends to the declaration of dissolution of the marriage but does not encompass a division of marital property that is property of the estate or the payment of a domestic support obligation from property of the estate."); *see also In re Cox,* 356 F.3d 76, 80 (1st Cir. 2004).

Here, the Debtor consents to allowing the state court to adjudicate equitable division of marital property in the first instance (again, subject to the caveat below) given that this Court will be the ultimate arbiter of issues related to the Debtor's estate and any plan of reorganization, including determining whether support obligations awarded by the district court are truly domestic support obligations as that term is defined in § 101(14A) and approval and enforcement of any property division. *See e.g., In re Greenhouse,* 641 B.R. 711, 715 (Bankr. S.D. Fla. 2022) ("First, whether intended as support or equitable distribution, or both, the family court did not have jurisdiction to order the Debtor to transfer the MetaStable investment. All agree that this asset is not exempt and is property of the bankruptcy estate. Therefore, only this Court has jurisdiction to determine the disposition of the MetaStable investment, and presumably will make that determination when it considers confirmation of an amended chapter 11 plan."); *see also In re Cox,* 356 F.3d 76, 80 (1st Cir. 2004); *In re Berube,* 533 B.R. 352, 355 (Bankr. D. Me. 2015).

Put another way, given the limitations imposed by 11 U.S.C. § 362(b)(2)(A)(iv), the Debtor submits that the state court can issue a recommended decision in the Divorce Proceeding as to equitable distribution of marital assets, but the final decision on the same—to the extent they are property of the estate--will need to be made by this Court applying federal law. *See e.g., In re Badalamenti,* 668 B.R. 382, 395 (Bankr. D.S.C. 2025) (granting relief from stay to allow Family Court to adjudicate property division but expressly "retain[ing] the ability to review the determination by the Family Court as it may relate to property of the bankruptcy estate."); *Berube, supra.* The Debtor <u>does</u> object to the Motion to the extent it seeks authorization for the state court to make final and binding determinations on, *inter alia,* equitable division of estate property.

All of that being said, while relief from stay must be granted as to certain issues per § 362(b)(2)(A), this chapter 11 case will be proceeding under various Court and Code-set deadlines and expectations (*see e.g.,* 11 U.S.C. § 1121(b)) and there are certain matters relating to the Divorce Action (such as whether certain

prenuptial and antenuptial agreements between the Debtor and Angela can be rejected under § 365), that this Court must adjudicate. As such, the Debtor reserves the right to seek rulings from this Court on those issues to the extent that the state court litigation is not proceeding in a timely fashion, and/or they are in this Court's exclusive jurisdiction, notwithstanding any effect said actions could have on the Divorce Action.

### Responses Required by D. Me. LBR 9013-1(c)(2)

The Debtor admits all of the allegations contained in ¶ 2 of the Motion ("Background"), except the assertion that "The bankruptcy filing triggered the automatic stay under 11 U.S.C. § 365(a), preventing the Divorce Action from proceeding.

### Conclusion

WHEREFORE, the Debtor respectfully requests that Court grant the relief requested in the Motion subject to the limitations and caveat requested herein, and grant such other and further relief as it deems just and proper.

DATED:  February 26, 2026	/s/ David C. Johnson
David C. Johnson, Esq.
Brendan T. Barry, Esq.

MARCUS | CLEGG
16 Middle Street – Unit 501
Portland, ME  04101
(207) 828-8000
bankruptcy@marcusclegg.com
dcj@marcusclegg.com
btb@marcusclegg.com

## **CERTIFICATE OF SERVICE**

    I, David C. Johnson, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document upon all parties requesting service of pleadings in this case on the Court's CM/ECF facility, on February 26, 2026.

                                      /s/ David C. Johnson
                                      David C. Johnson